In the Matter of the Claim of MYRTLE BRIGGS, Respondent, against HOPE'S WINDOWS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision and award of Workmen's Compensation Board finding claimant disabled by reason of an occupational disease. She was employed as an assembler of window adjusters. Her work consisted of lifting and moving, with another employee, boxes of window adjuster parts, each box weighing about one hundred pounds, reaching for parts of the assembly, inserting them in a vise, and using a hammer and drill. The hammer work entailed pounding from different angles, twisting her shoulder, and moving her arm back and forth. In June, 1952, some six months prior to the date of her disablement, the daily assembly of adjusters was increased from 250 to 300. After stopping work, her condition was diagnosed as tenosynovitis of the biceps muscle of the upper right arm.

The evidence is clear that claimant's disability was incurred in the course of and as a result of her employment. In challenging the board's determination of occupational disease, appellants point to the testimony of claimant's physician, the only medical witness, to the effect that claimant's tenosynovitis is not peculiar to any one given occupation, that it is seen occasionally in housewives and more often in housewives than in other people "when they are cleaning windows and doing that sort of thing — any excessive motion that calls for excessive external rotation". They argue that her tenosynovitis was not an occupational disease within the usual definitions because "it was not peculiar to, or characteristic of, her work, but on the contrary was peculiar to the work of a housewife". The expressions "peculiar to" and "characteristic of" relate to the work performed by an employee if it is under "conditions to which all employees of a class are subject, and which produce the disease as a natural incident to a particular occupation". (*Matter of Harman* v. *Republic Aviation Corp.*, 298 N. Y. 285, 288.) Thus the fact that a housewife might contract tenosynovitis in the course of certain household activities would not prevent the classification of such a condition as an occupational disease resulting from factory work. The board has properly considered claimant's condition as one which would be "commonly regarded as natural to, inhering in, an incident and concomitant of, the work in question". (*Matter of Harman* v. *Republic Aviation Corp., supra,* p. 288.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.