■ In the Matter of the Claim of ELVIRA LEGGIERO, Respondent, against KINGS ELECTRONIC Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits to the widow and minor children of decedent. Decedent's employer was engaged in the metal plating business and decedent worked as a helper in a room where there were three rows of tanks which contained chemicals used in the plating process. These tanks contained cyanide, sulphuric and nitric acid solutions, and trichlorethylene. A former employee testified that fumes escaped from these tanks when objects were being cleaned and plated. Records of inspections by the Department of Labor disclose that cyanide fumes were released from the copper plating tank during the period of decedent's employment. On the other hand, two employees and an industrial hygiene physician testified that no acid fumes or vapors are given off in any of the plating operations. From this conflicting evidence, the board found that decedent "was exposed to and came into direct contact with Sulphuric, Hydrochloric or Hydrochloric acid (muriatic), or their fumes, and cyanide chemicals and their fumes, and also trichlorethylene acid ". There is substantial evidence to support this finding. Decedent was hired on April 14, 1952 and left on July 12, 1952 because of illness. He was hospitalized three days later. Examination at that time revealed a large pulmonary abscess in the upper lobe of his right lung. Upon treatment this diminished and on July 28, 1952, he was discharged. Eleven days later he was readmitted in a coma with definite signs of cerebral damage and he died on the next day. It was agreed by all the medical experts that his death resulted directly from a brain abscess which was caused by the extension, or metastasis, of the lung abscess. However, there was sharp disagreement among the experts as to the nature of the pulmonary disease which was responsible for the lung abscess. Two doctors testified that there was no connection between decedent's employment and his lung condition. A neuro-surgeon said

that decedent had suffered from a pulmonary disease of long standing which produced the lung abscess and that if the infection had been caused by noxious gases there would have been evidence of it elsewhere in his lungs. An impartial expert stated that cyanide would not cause irritation of the lungs or produce a local infection. Claimant produced two physicians. One was the attending physician who testified that decedent's pulmonary disease was caused by the fumes to which he had been exposed in his work. The other physician, an internist and specialist in pulmonary diseases, gave his opinion that the pulmonary disease which decedent had was an acute one which developed over a period of weeks and was directly related to the fumes to which he was exposed in his work. Both physicians took into consideration the history of the chronic cough which decedent had over a period of years. Thus, there is substantial evidence to support the finding of the board that decedent became disabled as a result of cyanide and sulphuric acid intoxication while engaged in the regular course of his employment. Appellants argue that decedent did not suffer an occupational disease since it was not established that other employees, who worked daily with the acids, were ever similarly adversely affected. However, the fact that other employees had not contracted "chemical pneumonitis" resulting in a lung abscess is not alone sufficient to require us to hold that such a disease is not an occupational one. (*Matter of Briggs* v. *Hope's Windows,* 284 App. Div. 1077.) In our opinion, the board properly regarded decedent's condition an occupational disease. Decision and award unanimously affirmed with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.